UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID J.,[1]

                                              Plaintiff,                Case # 19-cv-798-FPG

v.                                                                               DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                             Defendant.
_____

## INTRODUCTION

On June 23, 2015, Plaintiff David J. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act. Tr.[2] 175-87. On May 4, 2015, Plaintiff filed an application for Disabled Widower's Benefits under Title II of the Act. Tr. 25, 188-94. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Bryce Baird (the "ALJ") on December 15, 2017. Tr. 31-65. At the hearing, Plaintiff and Vocational Expert Jennifer Dezon (the "VE") testified. Tr. 40-65. On July 26, 2018, the ALJ issued an unfavorable decision. Tr. 9-30. The Appeals Council denied review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 12. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 6.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

**I.      District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.     Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520; 416.920.

## DISCUSSION

**I.    The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 8, 2008, the amended alleged onset date. Tr. 15. At step two, the ALJ found that Plaintiff has the following severe impairments: "lumbago; history of injury to the left knee with residual pain; mild degenerative joint disease of the left knee; COPD; obesity; and adjustment disorder." Tr. 15. At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 15-17. The ALJ determined that Plaintiff maintained the RFC to perform medium work.[4] Tr.17. However, the ALJ found that Plaintiff had additional non-exertional and exertional limitations including that Plaintiff:

> can lift and carry 50 pounds occasionally and 25 pounds frequently; can sit for up to 6 hours in an 8-hour day; and can stand or walk for up to 6 hours in an 8-hour day. He can frequently climb ramps or stairs and can occasionally climb ladders, ropes, or scaffolds. He can frequently stoop and crouch and can occasionally kneel or crawl. He must face no concentrated exposure to pulmonary irritants such as odors, fumes, dusts, gases, and poor ventilation. He is limited to simple, routine tasks that can be learned after short demonstration or within 30 days.

Tr. 17.

At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a janitor. Tr. 23. The ALJ nonetheless proceeded to step five and concluded that there were jobs that existed in the national economy that Plaintiff could perform including, for example, hand

---

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

packer, dining room attendant, and food service worker. Tr. 24. As such, the ALJ found that Plaintiff was not disabled.

## II.     Analysis

Plaintiff takes issue with the ALJ's decision on the basis that (1) the ALJ's step four finding that Plaintiff could perform his past relevant work as a janitor is not supported by substantial evidence; (2) the ALJ's step five finding is unsupported by substantial evidence because the physical opinion evidence was too vague to support the RFC and that the ALJ failed to clarify the opinion evidence; and (3) the ALJ failed to advise the Plaintiff of the importance of obtaining treating physician opinions. ECF No.9-1 at 8-12. This Court disagrees.

### A.     Step Four

As discussed above, the ALJ's RFC included a limitation of "no concentrated exposure to pulmonary irritants such as odors, fumes, dusts, gases, and poor ventilation." Tr. 17. At the hearing, the ALJ and VE had the following exchange regarding Plaintiff's ability to perform his past relevant work as a janitor:

> Q: So, this will be hypothetical number four. And I'd like you to assume the individual set forth in hypothetical number one with the following additional limitation. This individual would be limited to no concentrated exposure to pulmonary irritants such as odors, fumes, dust, gases or poor ventilation. Based on these limitations, could this hypothetical individual perform the [Plaintiff's] past work?
>
> A: I would indicate, Your Honor, that looking at this fourth hypothetical, given the fact that [Plaintiff] was employed as a janitor and had to clean bathrooms, the substances that he would be using, you know, would be an irritant. So, I would indicate that he would not be able to perform the past job as the Janitor, looking at the pulmonary irritants that he would be exposed to as a Janitor.

Tr. 61. However, despite this VE testimony and the RFC limitation regarding pulmonary irritants, the ALJ concluded at step four that Plaintiff could perform his past relevant work as a janitor. *See* Tr. 23.

The Commissioner concedes that its conclusion that Plaintiff could perform his past relevant work as a janitor was an error but argues that the error is harmless because the ALJ's step five finding regarding Plaintiff's ability to perform other work that exists in significant numbers in the national economy is supported by substantial evidence. ECF No. 12-1 at 9. Indeed, the Court agrees that the ALJ's step four error does not warrant remand *per se*. *See Otts v. Comm'r of Soc. Sec.*, 249 F. App'x 887, 890 (2d Cir. 2007) ("We need not, however, remand this case for further proceedings at step four because, even if the step four analysis were to be resolved in plaintiff's favor, we would still have to conclude that substantial record evidence supports the ALJ's conclusion at step five that [plaintiff] is not disabled because work exists in significant numbers in the national economy that she can still perform."). Therefore, the Court finds that remand is not warranted based solely on the ALJ's step four finding and will proceed to examine the ALJ's findings at step five. *See Otts*, 249 F. App'x at 890.

### B. Step Five and RFC Finding

At step five, the ALJ concluded that there were jobs that existed in the national economy that Plaintiff could perform including, for example, hand packer, dining room attendant, and food service worker. Tr. 24. Plaintiff argues that the ALJ's reliance on the "overly vague opinion" of Dr. Donna Miller, D.O., in formulating the RFC "infected the step five finding, because the hypothetical questions posed to the VE were based on an RFC that was unsupported by substantial evidence." ECF No. 9-1 at 11.

Here, in formulating the RFC, the ALJ examined Plaintiff's symptoms, and whether those symptoms were consistent with the objective medical evidence and other evidence in the record. Tr. 17. In doing so, the ALJ noted, *inter alia*, that: Plaintiff's "treatment has been sporadic, routine, and conservative with the [Plaintiff] mostly seeking care for these conditions at primary care

visits," Tr. 19; Plaintiff "had no acute back complaints and only reported a history of knee pain" at an August 2015 primary care visit, Tr. 19; Plaintiff declined further specialized treatments for pain management and for orthopedic evaluation of his back and knee despite referrals, Tr. 20; Plaintiff reported the ability to cook and clean multiple days per week and the ability to shop as needed at a consultative examination, Tr. 20; and Plaintiff enjoys camping with his grandchildren, Tr. 21.

The ALJ also considered the opinion evidence, giving "significant weight" to the opinion of consultative examiner Donna Miller, D.O. Tr. 22. The ALJ found Dr. Miller's opinion to be "generally consistent with the record as a whole" and that "Dr. Miller's use of the phrase mild to moderate limitation [did] not evidence the need for greater limitations." Tr. 22. The ALJ also examined the opinions of Susan Santarpia, PhD, Kenneth Osborn, PA, and the medical source statement of Mental Health Counselor David Pfalzer. Tr. 22.

In making the RFC determination, the ALJ is "entitled to weigh *all of the evidence available* to make an RFC finding consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (emphasis added). Furthermore, as noted above, the Court must determine "whether the SSA's conclusions were supported by substantial evidence in the record[.]" *Talavera*, 697 F.3d at 151 (citing 42 U.S.C. § 405(g)) (other citation omitted). The Court is not concerned with whether substantial evidence supports the claimant's position; rather, the Court must decide whether substantial evidence supports the ALJ's decision. *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order). "Under this very deferential standard of review, once an ALJ finds facts, [courts] can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Id.* at 58-59 (internal quotation marks and citation omitted) (emphasis in original). It is the ALJ's job to resolve conflicting record evidence and the Court must

defer to that resolution. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (citation omitted); *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (when the court reviews a denial of disability benefits it must "defer to the Commissioner's resolution of conflicting evidence"). Based on a review of the ALJ's RFC determination and the existing record, the Court finds that the ALJ's RFC assessment was supported by substantial evidence. *See Pellam v. Astrue*, 508 Fed. App'x 87, 90 (2d Cir. 2013).

Since the ALJ's RFC finding was supported by substantial evidence, Plaintiff's argument that the RFC "infected the step five finding" fails. *See* ECF No. 9-1 at 11. The ALJ's hypothetical to the VE regarding whether Plaintiff could perform work that exists in significant numbers in the national economy included the limitation of no concentrated exposure to pulmonary irritants and was consistent with the RFC. *See* Tr. 61. Thus, the jobs identified by the VE were in response to a hypothetical that referenced Plaintiff's exertional and non-exertional limitations. "Such evidence [is] sufficient to allow the Commissioner to carry his burden at step five." *See Otts*, 249 F. App'x at 890 (citing *Rosa*, 168 F.3d at 77).

### C.  Failure to Advise the *Pro Se* Plaintiff

Finally, Plaintiff, who was proceeding *pro se*, argues that the ALJ failed to advise him of the importance of obtaining treating physician opinions. ECF No.9-1 at 8-12. However, as the Commissioner points out, the ALJ instructed Plaintiff at the hearing that he needed to submit medical evidence to support his claims of disabling knee and back impairments. ECF No. 12-1. Specifically, the ALJ stated that,

> One of the issues that arises in these cases is that there has to be medical proof of your disability and so there has to be medical proof of the knee problem and the back problem. And so I will request records from ECMC and from Mercy, but unless they provide me with medical evidence that there was a problem with your

> knee and was a problem with your back, even if I believed you 100% as to everything that you tell me today, I wouldn't be able to make a finding that you were disabled unless there's actual medical evidence that would support what you are telling me. So like I said, I will make records requests from Mercy and from Dr. Ritter, from ECMC, but I have to have tangible medical evidence in front of me to be able to make a finding of disability. So, I just want you to be aware of that.

Tr. 48-49. In addition, the ALJ (1) "advised Plaintiff of his right to representation, and stated that a representative could help him obtain medical records," ECF No. 12-1 at 20 (citing Tr. 34-36); and (2) "offered to postpone the hearing if Plaintiff wished to obtain a representative, but Plaintiff waived his right to representation and requested to proceed unrepresented." *Id.* (citing Tr. 34-36, 160). Based on these facts, the Court rejects this argument as a basis for remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 9, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 12, is GRANTED, and the complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 26, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court